UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>WILLIAM REUBART,<br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-00292-MMD-CLB<br><br>SCREENING ORDER ON<br>FIRST AMENDED COMPLAINT<br>(ECF No. 10) |

*Pro se* Plaintiff Jasmine Paul Sanchez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983 (ECF No. 10), and has filed an application to proceed *in forma pauperis* (ECF No. 7). The Court now grants the application to proceed *in forma pauperis* and screens Sanchez's FAC under 28 U.S.C. § 1915A.

## I.　SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF FAC

In December 2021, this Court issued a screening order dismissing Sanchez's Complaint in its entirety with leave to amend. (ECF No. 8 at 6.) In the screening order, the Court granted Sanchez leave to amend his denial of access to the courts claim. (*Id.* at 4.) The screening order explained that "Sanchez does not allege how the named defendants violated his rights. Although Sanchez identifies two defendants in the caption, he does not attribute any actions to these defendants. Sanchez also has not alleged that he suffered actual prejudice with respect to a contemplated or existing deadline. Sanchez states that he was unable to mail a legal document, but he does not identify the type of document he was unable to send, what type of case it was for, and how the delayed filing injured him." (*Id.*) In response, Sanchez filed an FAC. (ECF No. 10.)

In his FAC, Sanchez sues Defendant William Reubart for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"), brings one claim, and seeks monetary damages or a music player. (ECF No. 10 at 1-3, 6.) In the FAC, Sanchez provides one paragraph of new allegations and attaches his original complaint as an exhibit. (*See id.* at 2, 7-23.)

Sanchez's new allegations state the following. Prison officials denied Sanchez access to the courts when they refused to return Sanchez's legal documents back to him. (*Id.* at 2.) The legal documents consisted of written affidavits from ESP staff and inmates confirming that they all heard Reubart tell Sanchez how he was going to find a way to kill Sanchez and make it look like suicide. (*Id.*) Those affidavits were in an envelope. (*Id.*) Prison officials have neither mailed out the envelope nor returned the envelope back to Sanchez. (*Id.*) Sanchez alleges denial of access to the courts. (*Id.* at 3.)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354-55.

The Court finds that Sanchez fails to state a colorable denial of access to the courts claim. Once again, Sanchez has not alleged that he suffered actual prejudice with respect to a contemplated or existing deadline, has not identified what type of case the documents were for, and has not explained how this delayed filing injured him. Additionally, Sanchez does not identify who took his documents.[1] Because the Court gave Sanchez an opportunity to correct these deficiencies, but he has not, the Court dismisses this action with prejudice as amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*,

---

[1] Sanchez alleges that the affidavits were about Reubart but he does not identify who took the documents from him.

552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

### III. CONCLUSION

It is ordered that Sanchez's application to proceed *in forma pauperis* (ECF No. 7) without having to prepay the full filing fee is granted. Sanchez will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Jasmine Paul Sanchez, #1148512** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even though this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is therefore ordered that the FAC (ECF No. 10) is the operative complaint. The FAC (ECF No. 10) is dismissed in its entirety with prejudice as amendment would be futile for failure to state a claim.

The Clerk of Court is directed to enter judgment accordingly and close this case.

///
///
///

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 28th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE